IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL A. MARTINEZ | : | CIVIL ACTION |
| v. | : | |
| PAUL K. SMEAL, ET AL. | : | NO. 09-4031 |

M E M O R A N D U M

JOYNER, J.                                           OCTOBER 7, 2009

Plaintiff, a prisoner at SCI-Smithfield, has filed a motion to proceed in forma pauperis, and a pro se 42 U.S.C. § 1983 civil rights action in which he alleges that he has been wrongly confined in restricted housing at SCI-Smithfield since September 23, 2008.

For the reasons outlined below, this Court will grant plaintiff temporary in forma pauperis status for the sole purpose of filing this action in this Court. The action will then be transferred to the United States District Court for the Middle District of Pennsylvania for consideration of plaintiff's complaint and his motion to proceed in forma pauperis.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides that this action may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Plaintiff alleges that his constitutional rights were violated at SCI-Smithfield, which is located in the Middle District of Pennsylvania. Because plaintiff does not allege that his claims arose in the Eastern District of Pennsylvania, or that any defendant in this action resides in the Eastern District of Pennsylvania, venue is improper in this judicial district. When venue is improper, as in this case, the Court may, in the interests of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Under the facts set forth in the complaint, this case could have been brought in the United States District Court for the Middle District of Pennsylvania.

Pursuant to 28 U.S.C. § 1406(a), the Court will transfer this case to the United States District Court for the Middle District of Pennsylvania.

An appropriate order follows.