# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL A. MARTINEZ,** | : | No. 3:09cv2242 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| **DEPUTY WARDEN PAUL K. SMEAL;** | : | |
| **F.D. JAMES A. ECKARD;** | : | |
| **FRACIS R. ROYER; and** | : | |
| **DANIEL MYERS;** | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Before the court is plaintiff's motion for appointment of counsel (Doc. 25) in this civil matter.

Plaintiff filed the instant action and motion for petition to proceed *in forma pauperis* on September 3, 2009 in the United States District Court for the Eastern District of Pennsylvania. (See Docs. 1, 3). The Honorable Judge J. Curtis Joyner gave the complaint a preliminary screening and determined that the case should have been filed in the United States District Court for the Middle District of Pennsylvania. (See Doc. 4). Judge Joyner determined that the events about which plaintiff complained occurred at the (Pennsylvania) State Correctional Institution-Smithfield, which is located in the Middle District of Pennsylvania. (Id.). Concluding that the interests of justice and efficient litigation would be served by transferring the

case to this court, Judge Joyner ordered that transfer. (Id.). The Clerk of Court transferred the case to this district on October 13, 2009. (See Doc. 5).

On November 17, 2009, the court granted plaintiff's motion to proceed *in forma pauperis*. (See Doc. 9). In his complaint, plaintiff alleges that he has been kept in restrictive housing conditions without due process of law and with a desire to discriminate against him. (See Complaint (Doc. 6)). Plaintiff also contends that he has been keep in such restricted custody in retaliation for complaining to the Pennsylvania Secretary of Corrections about his predicament. (Id.). Since filing his complaint, plaintiff has filed a motion for leave to amend his complaint, a motion for entry of default and a brief in support of that motion. (See Docs. 12, 15-16).

The instant motion seeks to have the court appoint counsel to represent him in this dispute. This is a civil matter, and the Third Circuit Court of Appeals has pointed out that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). Still, federal law allows "district courts statutory authority to 'request appointed counsel for indigent civil litigants.'" Id. (quoting 28 U.S.C. § 1915(e)(1)). In the Third Circuit, courts have "'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." Id. (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). The Court has laid out several factors for a court to consider in determining whether to appoint counsel. First, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and

law." Id. at 498-99. Next, a court must evaluate several factors, including "'1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and 6. whether the case will require testimony from expert witnesses.'" Id. at 499 (quoting Tabron, 6 F.3d at 155-57). Though these factors are not exhaustive, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id.

While plaintiff's claim may have merit, the court finds that the appointment of counsel is inappropriate in this case. First, plaintiff has demonstrated an ability to raise legal issue and present his case on his own. Plaintiff not only filed a detailed initial complaint, he also filed additional motions seeking relief on procedural grounds. Plaintiff writes clearly and his filing demonstrate an awareness of the relevant legal issues. In addition, the court does not find that the case is particularly complicated. The question here is whether defendants denied plaintiff's due process or equal protection rights, and whether they retaliated against plaintiff for complaining about his treatment. Those areas of the law are well-established and not particularly complicated. Plaintiff will be able to address them adequately without the assistance of counsel. These issues also do not require extensive factual

investigation, as they turn largely on events which occurred in the prison and about which plaintiff has personal knowledge or records. The case will most likely not require the use of expert witnesses. All of these factors weigh against appointment of counsel, and the court therefore will deny plaintiff's request. Accordingly:

**AND NOW**, to wit, this 8th day of February 2010, the plaintiff's motion for appointment of counsel (Doc. 25) is hereby **DENIED**.

> **BY THE COURT:**
>
> s/ James M. Munley
> **JUDGE JAMES M. MUNLEY**
> **UNITED STATES DISTRICT COURT**